UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>DAYBREAK METRO INC., et al.,<br><br>    Defendants. | No.  2:24-cv-0124-TLN-CKD (PS)<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff Courtney Smith paid the filing fee and filed this civil action without counsel. This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). In the operative first amended complaint ("FAC"), plaintiff alleges the defendants illegally seized plaintiff's vehicle and/or committed violations of law in their debt collection activity. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants Daybreak Metro Inc. and James Glenn McNeil move the court for an order dismissing the FAC. For the reasons set forth below, the undersigned agrees that the FAC fails to state a claim and the motion to dismiss should be granted.

   The other named defendants have not appeared in this action. The court will order plaintiff to show cause in writing within 21 days of the date of this order as to why the court should not also dismiss the claims against the other defendants.

1

# I. Background

Plaintiff initiated this action with a civil complaint filed on January 10, 2024. (ECF No. 1.)[1] Plaintiff filed the FAC on February 29, 2024. (ECF No. 9.) The FAC names four defendants: Daybreak Metro Inc., American Recovery Service Inc., Patrick K. Willis, and Patrick K. Willis Co. Inc. (ECF No. 9 at 1.) In the operative FAC, plaintiff alleges the defendants "were accomplices in the illegal search and seizure" of plaintiff's vehicle and performed an "illegal search" when they obtained plaintiff's credit information without consent or a court order. (Id. at 2-4.) In addition, plaintiff alleges, the corporate defendants used abusive language accusing plaintiff of owing an illegal debt and American Recovery Services is not currently a licensed debt collector. (Id.)

Plaintiff's vehicle was seized from plaintiff's place of employment, on private property. (ECF No. 9 at 2.) A gold necklace and firearm were taken from the vehicle. (Id. at 3.) Plaintiff seeks return of property and monetary damages. (Id. at 6.)

On March 22, 2024, defendants James McNeil and his corporate entity, Daybreak Metro, Inc., moved to dismiss plaintiff's FAC for failure to state a claim. (ECF No. 10.) The hearing date was vacated when plaintiff failed to file a timely opposition or statement of non-opposition. (ECF No. 14.) Plaintiff was granted an extension of time to oppose the motion and has filed a written opposition to the motion to dismiss. (ECF No. 15.) The court find the matter suitable for disposition without oral argument pursuant to Local Rule 230(g).

# II. Legal Standard

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to

---

[1] Plaintiff's original complaint alleged an illegal seizure of plaintiff's vehicle and personal property by defendants Daybreak Metro Inc., American Recovery Service Inc., Patrick K. Willis Co. Inc., Patrick K. Willis, and James Glenn McNeil. (ECF No. 1 at 6-7.)

2

1  the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d
2  1242, 1245 (9th Cir. 1989). Particularly because plaintiff proceeds pro se, the court liberally
3  construes the pleadings and affords plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d
4  1026, 1027 (9th Cir. 1985). Nevertheless, courts are not required to accept as true allegations that
5  are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v.
6  Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

**III.   Discussion**

**A. Defendant McNeil**

The moving defendants argue that the FAC is silent as to James McNeil, leaving them to guess at whether defendant McNeil is effectively dismissed. (ECF No. 15 at 4.) Plaintiff notes in opposition to the motion to dismiss that defendant McNeil "was on the original complaint[,]" and

> it is asserted that [defendant] McNeil is the owner, actor and agent of Daybreak Metro Inc. As owner he would have authorized whomever to take actions against the plaintiff.

(Id.)

The court is unable to discern whether plaintiff is arguing the original complaint or the FAC makes the above assertions. Reviewing the FAC—which is the operative complaint—it contains no reference to defendant McNeil. Therefore, the FAC fails to state a claim against defendant McNeil. The motion to dismiss should be granted as to any intended claims in the FAC against defendant McNeil.

**B. Daybreak Metro Inc.**

The FAC also fails to state a claim against Daybreak Metro Inc. because it solely sets forth statements of the law and conclusions that defendant acted illegally. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Labels and conclusions are insufficient to state a claim, as are formulaic recitations of the elements of a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

Here, the FAC does not plead sufficient facts to state a plausible claim, instead setting forth various definitional statements of law and concluding the defendants performed an illegal

search and violated the law in collecting or attempting to collect an illegal debt. The FAC's statements of law and conclusions of wrongdoing fail to state a claim for relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) ("naked assertion[s]" devoid of "further factual enhancement" do not suffice). To state a claim, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Here, the complaint lacks specific factual allegations describing the conduct committed by the named defendants. Moreover, as relevant to the pending motion to dismiss, defendant Daybreak Metro Inc. is not included in any of the claims by name and is only referred to generally in the FAC. The FAC fails to state a claim against Daybreak Metro Inc. and the motion to dismiss should be granted as to plaintiff's claims against Daybreak Metro Inc.

### C. Leave to Amend

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). However, "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, it does not appear that plaintiff can state a plausible claim against the moving defendants. The Fourth Amendment does not afford protection against unreasonable intrusions by private actors such as the moving defendants. See United States v. Jacobsen, 466 U.S. 109, 113 (1984) (explaining that the Fourth Amendment "proscrib[es] only governmental action; it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government") (internal quotation marks and citation omitted).[2] To the extent plaintiff attempts to state a claim for unfair debt collection practices

---

[2] Plaintiff's opposition appears to acknowledge plaintiff does not assert a Fourth Amendment claim. (See ECF No. 15 at 1.)

related to the seizure of plaintiff's vehicle, the FAC does not come close to meeting the requisite pleading standard with its statements of law and conclusions of violations.

Moreover, the pending motion to dismiss put plaintiff on notice of the deficiencies in the FAC pertaining to the lack of specific factual allegations. In opposition to the motion to dismiss, plaintiff argues as follows:

> The Factual matter is that my car was taken from private property on December 18, 2023, by the defendants without my permission, my consent, nor any court order, that is a breach of peace. [….] Defendants acted as they had proper authority to take/steal/seize" plaintiff's vehicle. [….] [D]efendants obtained plaintiff's location information, such as address, work address, social security # and place of work, phone number etc. without the plaintiff's consent.

(Id. at 2.) Plaintiff concludes the defendants engaged in illegal debt collection practices, arguing "[w]hat proof do the defendants have that show the property was legally being repossessed?" (Id. at 3.)

Plaintiff's opposition to the motion to dismiss fails to identify any additional factual allegations plaintiff could plead to state a plausible claim for relief. Nor has plaintiff given the court any indication that there are additional facts plaintiff could plead to state a plausible claim. Because plaintiff was put on notice that the FAC lacked sufficient factual allegations to state a claim, and because plaintiff has not indicated there are any further factual allegations plaintiff can allege to state a plausible claim, it appears granting leave to amend would be futile. If, however, plaintiff can allege further facts to state a plausible claim for relief, then plaintiff shall include those factual allegations in any objections to these findings and recommendations.

### D. Other Defendants

In opposition to the present motion to dismiss, plaintiff asks for judgment "against American Recovery Service Inc and Patrick K Willis Co Inc for failing to respond." (ECF No. 15 at 3.) As to these defendants, a return of service has been filed as to American Recovery Service Inc. only.

In civil new case documents issued on January 10, 2024, the court advised plaintiff, in relevant part, that Rule 4(m) of the Federal Rules of Civil Procedure provides a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within

90 days after the complaint was filed. (ECF No. 3.) More than 90 days have passed since the complaint was filed and summons issued on January 10, 2024. (ECF Nos. 1, 2.) Plaintiff has not filed proof of service on defendant Patrick K. Willis or Patrick K. Willis Co. Inc.

Under Rule 4(m) of the Federal Rules of Civil Procedure, a district court must extend time for service upon a showing of good cause and may extend time for service upon a showing of excusable neglect. Fed. R. Civ. P. 4(m); see Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013). Plaintiff has shown neither good cause nor excusable neglect for the failure to serve defendant Patrick K. Willis Co. Inc. or defendant Patrick K. Willis. Accordingly, plaintiff will be ordered to show cause in writing within 21 days of the date of this order as to why these defendants should not be dismissed for plaintiff's failure to comply with Rule 4.

A return of service has been filed for defendant American Recovery Service Inc. (ECF No. 5.)[3] Plaintiff has not, however, sought to prosecute the action against American Recovery Service Inc. by way of default proceedings. See Fed. R. Civ. P. 55(a)-(b) (describing the two-step process of "Entering a Default" and "Entering a Default Judgment"). Accordingly, plaintiff shall show cause in writing within 21 days of the date of this order why plaintiff's claims against American Recovery Service Inc. should not be dismissed for failure to prosecute.

In addition, plaintiff shall show cause in writing within 21 days of the date of this order why plaintiff's claims against the non-moving defendants should not be dismissed for failure to state a claim. Even if plaintiff sought to prosecute this case against the non-moving defendants by way of an extension of time for service and/or default proceedings, the deficiencies in the FAC found as to the moving defendants are similarly present as to the non-moving defendants. Plaintiff cannot obtain a judgment against any defendant, including a non-appearing defendant, without sufficient factual allegations that state a plausible claim. See generally Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986) (noting a court considers the merits of plaintiff's substantive claim and the sufficiency of the complaint in determining whether to grant a default judgment, which is disfavored). As set forth above, the FAC fails to state a claim against any defendant because it

---

[3] The court does not, at this time, determine whether defendant American Recovery Service Inc. was properly served.

rests on mere conclusions that the defendants acted illegally. This court may dismiss claims sua sponte under Fed. R. Civ. P. 12(b)(6). See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). Accordingly, plaintiff shall show cause in writing why the court should not dismiss plaintiff's claims against the non-moving defendants for failure to state a claim.

### IV. Conclusion, Order, and Recommendation

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Within 21 days of the date of this order, plaintiff shall show cause in writing why defendant Patrick K. Willis Co. Inc. and defendant Patrick K. Willis should not be dismissed for plaintiff's failure to comply with Rule 4 of the Federal Rules of Civil Procedure.

2. Within 21 days of the date of this order, plaintiff shall show cause in writing why defendant American Recovery Service Inc. should not be dismissed for plaintiff's failure to prosecute by way of default proceedings.

3. Within 21 days of the date of this order, plaintiff shall show cause in writing why all of plaintiff's claims should not be dismissed for failure to state a claim.

In addition, IT IS HEREBY RECOMMENDED that the motion to dismiss by defendants Daybreak Metro Inc. and James Glenn McNeil be granted, and plaintiff's claims against Daybreak Metro Inc. and James Glenn McNeil be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the

/////
/////
/////

objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 21, 2024

/s/ Carolyn K. Delaney
_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
smit24cv0124.mtd