UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>DAYBREAK METRO INC., et al.,<br><br>  Defendants. | No. 2:24-cv-0124-TLN-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Courtney Smith paid the filing fee and filed this civil action without counsel. Accordingly, this matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). For the reasons set forth below, the undersigned recommends plaintiff's claims against Patrick K. Willis Co. Inc., Patrick K. Willis, and American Recovery Service Inc. be dismissed without leave to amend for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.     Background**

Plaintiff initiated this action with a civil complaint filed on January 10, 2024. (ECF No. 1.)[1] Plaintiff filed the operative complaint, the first amended complaint ("FAC") on February 29,

---

[1] Plaintiff's original complaint alleged an illegal seizure of plaintiff's vehicle and personal property by defendants Daybreak Metro Inc., American Recovery Service Inc., Patrick K. Willis Co. Inc., Patrick K. Willis, and James Glenn McNeil. (ECF No. 1 at 6-7.)

1

2024. (ECF No. 9.) The FAC names four defendants: Daybreak Metro Inc., American Recovery Service Inc., Patrick K. Willis, and Patrick K. Willis Co. Inc. (Id. at 1.)

In the FAC, plaintiff alleges the defendants "were accomplices in the illegal search and seizure" of plaintiff's vehicle and performed an "illegal search" when they obtained plaintiff's credit information without consent or a court order. (ECF No. 9 at 2-4.) Plaintiff's vehicle was seized from his place of employment while on private property. (Id. at 2.) A gold necklace and firearm were taken from the vehicle. (Id. at 3.) The corporate defendants used abusive language accusing plaintiff of owing an illegal debt and American Recovery Services is not a licensed debt collector. (Id.) Plaintiff seeks return of property and monetary damages. (Id. at 6.)

On March 22, 2024, defendants James McNeil, who was named in the original complaint, and his corporate entity, Daybreak Metro, Inc., moved to dismiss the FAC for failure to state a claim. (ECF No. 10.) On June 21, 2024, the undersigned recommended the motion to dismiss be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 16.) By order of the same date, the undersigned ordered plaintiff to show cause in writing as to why the court should not also dismiss the claims against the other defendants for failure to state a claim and for failure to prosecute or failure to comply with Rule 4 of the Federal Rules of Civil Procedure. (Id. at 7.) Plaintiff's response to the order to show cause is before the court. (ECF No. 17.)

**II.     Applicable Law**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Because plaintiff proceeds pro se, the court liberally construes the pleadings and affords plaintiff the benefit of any doubt. See Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985). Nevertheless, the court is not required to accept as true unwarranted

deductions of fact, unreasonable inferences, or allegations that are merely conclusory. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### III. Discussion

The FAC fails to plead sufficient facts to state a plausible claim against any defendant because it merely sets forth statements of the law and concludes the defendants acted illegally by performing an illegal search or seizure or in collecting or attempting to collect an illegal debt. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Labels and conclusions are insufficient to state a claim, as are formulaic recitations of the elements of a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

The FAC's statements of law and conclusions of wrongdoing fail to state a claim for relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) ("naked assertion[s]" devoid of "further factual enhancement" do not suffice to state a claim). In order to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Here, the FAC lacks specific factual allegations describing the conduct committed by the named defendants. The defendants Patrick K. Willis Co. Inc., Patrick K. Willis, and American Recovery Service Inc. are referred to only generally in the FAC, and aside from plaintiff's general allegations that the defendants illegally seized plaintiff's vehicle and that American Recovery Services is not a licensed debt collector, the FAC lacks factual allegations setting forth the defendants' relevant conduct.

Plaintiff cannot obtain a judgment against any defendant, including a non-appearing defendant, without sufficient factual allegations that state a plausible claim. See generally Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986) (noting a court considers the merits of plaintiff's substantive claim and the sufficiency of the complaint in determining whether to grant a default judgment, which is disfavored). As set forth, the FAC fails to state a claim against any defendant

3

1  because it rests on mere conclusions that the defendants acted illegally. Accordingly, the

2  undersigned recommends the court dismiss plaintiff's claims against defendants Patrick K. Willis

3  Co. Inc., Patrick K. Willis, and American Recovery Service Inc. for failure to state a claim. See

4  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (court can dismiss claims sua

5  sponte under Fed. R. Civ. P. 12(b)(6)).

6  Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a).

7  However, "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice,

8  and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472

9  (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d

10  1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court

11  does not have to allow futile amendments).

12  It clearly appears plaintiff cannot state a plausible claim against any of the named

13  defendants. The Fourth Amendment does not afford protection against unreasonable intrusions by

14  private actors. See United States v. Jacobsen, 466 U.S. 109, 113 (1984) (explaining the Fourth

15  Amendment "proscrib[es] only governmental action; it is wholly inapplicable to a search or

16  seizure, even an unreasonable one, effected by a private individual not acting as an agent of the

17  Government") (internal quotation marks and citation omitted).[2] To the extent plaintiff attempts to

18  state a claim for unfair debt collection practices related to the seizure of plaintiff's vehicle, the

19  FAC does not come close to meeting the requisite pleading standard with its statements of law

20  and conclusions of violations.

21  In response to the court's order to show cause, plaintiff argues the claims should not be

22  dismissed for the following reasons:

23  
24  
25  
26  
> The simple act in illegally seizing the Plaintiff's vehicle from private property, making it a bad/illegal seizure because of the breach of peace. How was the vehicle located? At some point plaintiffs information was looked up, whether it be by vin number or license plate. [….] Plaintiff information, Credit card was looked up by the defendants to even know who the vehicle belonged to. Plaintiff has never done business with the defendants, plaintiff didn't know the

---

[2] Plaintiff's opposition to the motion to dismiss filed by other defendants appears to acknowledge plaintiff does not assert a Fourth Amendment claim. (See ECF No. 15 at 1.)

> defendants existed until the illegal seizure of his property. Plaintiff never gave consent or permission for the defendants to illegally seize the vehicle let alone look into plaintiffs private information, plaintiffs credit card. [*Sic*.]

(ECF No. 17 at 2.) Plaintiff also argues the defendants violated plaintiff's rights under 18 U.S.C. 1028(a), which prohibits fraud and related activity in connection with identification documents, authentication features, and information. (See id.)

Plaintiff's response to the order to show cause fails to identify any additional factual allegations plaintiff could plead to state a plausible claim for relief. Plaintiff has not given the court any indication there are additional facts to plead to state a plausible claim. Because plaintiff was put on notice the FAC lacked sufficient factual allegations to state a claim, and because plaintiff has not indicated there are further facts plaintiff can allege to state a plausible claim, it clearly appears granting leave to amend would be futile. If, however, plaintiff can allege further facts to state a plausible claim for relief, then plaintiff shall include those factual allegations in any objections to these findings and recommendations.

**IV.     Conclusion and Recommendation**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that the court dismiss, sua sponte, plaintiff's claims against Patrick K. Willis Co. Inc., Patrick K. Willis, and American Recovery Service Inc. for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the

/////

/////

/////

objections. Failure to file objections within the specified time may waive the right to appeal the district court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 16, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
smit24cv0124.fr.ss